# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

|  |  |
|---|---|
| **Infogation Corporation,**<br><br>**Plaintiff,**<br><br>v.<br><br>**American Honda Motor Co., Inc.,**<br><br>**Defendant.** | **Case No. 2:24-cv-346**<br><br>**Jury Trial Demanded** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Infogation Corporation ("Infogation" or "Plaintiff") hereby files this Original Complaint for Patent Infringement against American Honda Motor Co., Inc. ("American Honda" or "Defendant"), and alleges, upon information and belief, as follows:

### THE PARTIES

1.     Infogation Corporation is a corporation organized and existing under the laws of the State of Texas with its principal place of business at 1409 Constellation Drive, Allen, Texas 75013.

2.     Upon information and belief, American Honda is a corporation organized and existing under the laws of the State of California.  On information and belief, American Honda is the wholly owned subsidiary of Honda Motor Co. of Japan, which combines product sales, service, and coordinating functions of Honda Motor Co. in the United States, and is responsible for manufacturing, sales, offers for sale, marketing, importation, and distribution of automotive vehicles from Honda Motor Co.-managed brands (e.g., Honda and Acura) in the United States.  American Honda has a Texas

registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620, Austin, TX 78701.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1338(a).

4.     This Court has personal jurisdiction over Defendant because Defendant conducts business in and has committed acts of patent infringement in this District and the State of Texas and has established minimum contacts with this forum state such that the exercise of jurisdiction over Defendant would not offend the traditional notions of fair play and substantial justice.

5.     Defendant is subject to this Court's general and specific jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to Defendant's substantial business in the State of Texas and this District, including through its past and ongoing infringing activities, because Defendant regularly does and solicits business herein, and/or because Defendant has engaged in persistent conduct and/or has derived substantial revenues from goods and services provided in the State of Texas and this District.

6.     Defendant transacts substantial business with entities and individuals in the State of Texas and this District, by among other things, willfully using the infringing methods and systems throughout the State of Texas and this District. Defendant relies on the infringing methods and systems to introduce and sell millions of products into the stream of commerce with the knowledge and expectation that they will be sold in the State of Texas and this District.

7.     Defendant maintains regular, physical, continuous, and established places of businesses in this District, which Defendant has established, ratified, and controlled and from which they have willfully infringed the Asserted Patents in order to benefit themselves in this District. Defendant commits acts of infringement in this District, including as explained further below by making and

using the infringing systems in, and performing at least one step of the accused methods of the Asserted Patents, at their regular and established places of business in this District.

8. Upon information and belief, Defendant has authorized dealers/sales/customer service agents in the Eastern District of Texas (collectively "Customer Agents"). Defendant has a regular and established place of business in this District through the Customer Agents acting as agents. Defendant manifests assent to the Customer Agents that they shall act on Defendant's behalf and subject to its control, and the Customer Agents manifest assent or otherwise consent to act. Defendant maintains "interim control" over the Customer Agents' work, in which they rely on interactions and Defendant's instructions within the scope of their work.

9. Upon information and belief, the contracts between Defendant and the Customer Agents establish (1) Defendant has the right to direct and control the Customer Agents, (2) Defendant has manifested consent that Customer Agents act on its behalf, and (3) the Customer Agents have consented to act on behalf of Defendant. The Customer Agents sell, monitor, train, oversee use, handle warranty issues and handle complaints and returns for automobiles obtained from and on behalf of Defendant for customers in this District. Those activities involve warranty issues, storage, transport, training, monitor and exchange of goods and services and are part of Defendant's business.

10. Upon information and belief, Defendant has established and ratified the Customer Agents' places of business because the contracts affect how they perform hospital set ups, approval of procedures to be performed at hospitals with Defendant products, sales, training, handling complaints, returns. Defendant also provides the Customer Agents with all information required to properly get products approved at hospitals.

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                                   3

11.   The Customer Agents in this district have fixed geographical locations. They are "regular" and "established" because they operate in a "steady, uniform, orderly, and methodical manner" and are sufficiently permanent. These locations are "of the defendant" because Defendant has contractual rights with them—authorized distributors in the United States.

12.   Defendant ratifies the Customer Agents' locations because it exercises interim control over the Customer Agents' activities and holds out to the public that Defendant's distribution, warehousing, marketing and sales of the products are being performed at and by Customer Agents' locations in this District. Indeed, Defendant controls specific warranty rejections when presented to a Customer Agent. Further, Defendant maintains multiple controls over advertising and warranty and repair work of Customer Agents.

13.   Venue is proper in this District as to Defendant pursuant to at least 28 U.S.C. §§ 1391(c)(2) and 1400(b).  As noted above, Defendant maintains a regular and established business presence in this District. *See In re Monolithic Power Sys., Inc.,* 50 F.4th 157, 160 (Fed. Cir. 2022); *see also AGIS Software Dev. LLC v. Google LLC*, No. 2:19-CV-00361-JRG, 2022 WL 1511757, at *9 (E.D. Tex. May 12, 2022); *IOT INNOVATIONS LLC, Plaintiff, v. MONITRONICS INTERNATIONAL, INC., d/b/a BRINKS HOME*, Defendant., No. 2:22-CV-0432-JRG-RSP, 2023 WL 6318049, at *5 (E.D. Tex. Sept. 11, 2023), *report and recommendation adopted sub nom. Iot Innovations LLC v. Monitronics Int'l, Inc.*, No. 222CV00432JRGRSP, 2023 WL 6300560 (E.D. Tex. Sept. 27, 2023).

## **PATENTS-IN-SUIT**

14.   Plaintiff is the sole and exclusive owner, by assignment, of U.S. Patent 10,107,628 (the "'628 Patent"), U.S. Patent 8,898,003 (the "'003 Patent"), U.S. Patent 8,406,994 (the "'994 Patent") and U.S. Patent 6,292,743 (the "'743 Patent") (hereinafter collectively referred to as the "Patents-in-Suit").

15.     By written instruments executed, Plaintiff is assigned all rights, title, and interest in the Patents-in-Suit.  As such, Plaintiff has sole and exclusive standing to assert the Patents-in-Suit and to bring these causes of action.

16.     The Patents-in-Suit are valid, enforceable, and were duly issued in full compliance with Title 35 of the United States Code.

17.     The Patents-in-Suit have been cited in over 200 patents issued to well-known industry leaders, including industry giants Toyota, Google, Microsoft, Garmin, Honda, TomTom, Aol, Mapquest, Facebook, Verizon, Sprint, Cisco, Samsung, NEC, Nokia, Alcatel, Pioneer, Phillips, Lucent, IBM, Intel, Motorola, Sony, Toshiba and Kaarta.

18.     The Patents-in-Suit each include numerous claims defining distinct inventions.  No single claim is representative of any other.

19.     The priority date of the '628 Patent is at least as early as August 11, 2007. It generally relates to the area of Global Positioning System (GPS), and, in particular, to navigation on non-linearly scaled maps and how to display such non-linearly scaled maps with proper colors on a display screen. As of the priority dates, the inventions as claimed were novel, non-obvious, unconventional, and non-routine.  Indeed, the Patents-in-Suit overcame a number of specific technological problems in the industry and provided specific technological solutions.

20.     The priority date of the '003 Patent and the '994 Patent is at least as early as November 7, 2008. The '003 Patent and the '994 Patent generally relate to the area of Global Positioning System (GPS). In particular, the present invention is related to electronically generated map with one or more objects therein being realistic. As of the priority dates, the inventions as claimed were novel, non-obvious, unconventional, and non-routine.  Indeed, the Patents-in-

Suit overcame a number of specific technological problems in the industry and provided specific technological solutions.

21.   The priority date of the '743 Patent is at least as early as January 6, 1999. It generally relates to a mobile navigation system and apparatus, and more particularly to a distributed navigation system having a wireless connection to a server for calculating optimal routes using real-time data. As of the priority dates, the inventions as claimed were novel, non-obvious, unconventional, and non-routine.  Indeed, the Patents-in-Suit overcame a number of specific technological problems in the industry and provided specific technological solutions.

22.   The claims of the Patents-in-Suit are patent eligible under 35 U.S.C. § 101, 102, 103, and 112, as reflected by the fact that three different Patent Examiners all agreed and allowed the Patents-in-Suit over extensive prior art as disclosed and of record during the prosecution of the Patents-in-Suit.  *See Stone Basket Innov.,* 892 F.3d at 1179 ("when prior art is listed on the face of a patent, the examiner is presumed to have considered it") (citing *Shire LLC v. Amneal Pharm., LLC,* 802 F.3d 1301, 1307 (Fed. Cir. 2015)); *Exmark Mfg. v. Briggs & Stratton,* 879 F.3d 1332, 1342 (Fed. Cir. 2018).

23.   After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiners allowed all of the claims of the Patents-in-Suit to issue.  In so doing, it is presumed that Examiners used their knowledge of the art when examining the claims. *See K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014).  It is further presumed that Patent Examiners had experience in the field of the invention, and that the Patent Examiners properly acted in accordance with a person of ordinary skill.  *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002).

24.     The claims of the Patents-in-Suit are novel and non-obvious, including over all non-cited art that is merely cumulative with the referenced and cited prior art.  *See* 37 C.F.R. § 1.56(b) (information is material to patentability when it is not cumulative to information already of record in the application); *see also AbbVie Deutschland GmbH v. Janssen Biotech,* 759 F.3d 1285, 1304 (Fed. Cir. 2014); *In re DBC,* 545 F.3d 1373, 1382 (Fed. Cir. 2008).  Likewise, the claims of the '628 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by the Examiners.  *See, e.g., St. Clair I.P. Consultants v. Canon, Inc.,* 2011 WL 66166 at *6 (Fed. Cir. 2011); *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002); *In re Koninklijke Philips Patent Litigation,* 2020 WL 7392868 at *19 (N.D. Cal. 2020); *Standard Oil v. American Cyanamid,* 774 F.2d 448, 454 (Fed. Cir. 1985) (persons of ordinary skill are presumed to be aware of all pertinent prior art).

## THE ACCUSED INSTRUMENTALITIES

25.    Upon information and belief, Honda makes, sells, advertises, offers for sale, uses, or otherwise provides an apparatus and method for navigation systems covered by the Patents-in-Suit, including but not limited to, the Honda/Acura GPS Navigation system included in personal vehicles, in all trims and configurations, such as the Honda Accord, Accord Hybrid, Civic, Civic Type R, CR-V, CR-V Hybrid, HR-V, Odyssey, Passport, Pilot and Ridgeline; and Acura Integra, TLX, MDX, RDX, NSX, ILX, RLX and CDX, among other vehicles, including all augmentations to these platforms or descriptions of platforms (collectively, all the foregoing is referred to herein as the "Accused Instrumentalities").

26.     As shown in more detail in Exhibit 1-4 attached hereto, Defendant's products include each and every limitation of at least, but not limited to, Claim 1 of each of Patents-in-Suit and therefore literally infringe these claims. Plaintiff reserves the right to assert additional claims and to assert infringement under the doctrine of equivalents in light of information learned during discovery or in view of this Court's claim construction order.

**COUNT I**
**Infringement of U.S. Patent No. 10,107,628**

27.     Plaintiff incorporates the above paragraphs by reference.

28.     Defendant has been on actual notice of the '628 Patent at least as early as the date it received service of the Original Complaint in this litigation.

29.     Plaintiff or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '628 patent, thus the damages period begins at least as early as six years prior to the date of service of the Original Complaint in this litigation.

30.     Defendant manufactures, sells, offers for sale, owns, directs, and/or controls the operation of the Accused Instrumentalities and generates substantial financial revenues and benefits therefrom.

31.     Defendant has directly infringed and continues to directly infringe the claims of the '628 Patent.  As exemplary and shown in Ex. 1, Claim 1 is infringed by making, using, importing, selling, and/or offering for sale the Accused Instrumentalities.  Defendant directly makes and sells the infringing Accused Instrumentalities at least because it is solely responsible for putting the infringing systems into service by directing or controlling the systems as a whole and by obtaining the benefits therefrom.

32.     Further on information and belief, Defendant directly uses the infringing Accused Instrumentalities at least because it assembled the combined infringing elements and makes them collectively available in the United States, including via its Internet domain web pages and/or software applications, as well as via its internal systems and interfaces.  Further, and on information and belief, Defendant has directly infringed by using the infringing Accused Instrumentalities as part of its ongoing and regular testing and/or internal legal compliance activities.  Such testing and/or legal compliance necessarily requires Defendant to make and use the Accused Instrumentalities in an infringing manner.  Still further, Defendant is a direct infringer by virtue of its branding and marketing activities, which collectively comprise the sale and offering for sale of the infringing Accused Instrumentalities.

33.     As shown above, Defendant is making, using, and offering for sale the Accused Instrumentalities.

34.     Additionally, upon information and belief, Defendant owns, directs, and/or controls the infringing method operation of the Accused Instrumentalities.

35.     On information and belief, the infringement of the '628 Patent by Defendant will now be willful through the filing and service of this Complaint.  The '628 Patent is not expected to expire before July 26, 2033.

36.     In addition or in the alternative, Defendant now has knowledge and continues these actions and it indirectly infringes by way of inducing direct infringement by others and/or contributing to the infringement by others of the '628 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, infringing services for use in systems that fall within the scope of the claims of the '628 Patent. This includes

without limitation, one or more of the Accused Instrumentalities by making, using, importing offering for sale, and/or selling such services, Defendant injured Plaintiff and is thus liable to Plaintiff for infringement of the '628 Patent under 35 U.S.C. § 271.

37.     Now with knowledge of the '628 Patent, Defendant induces infringement under Title 35 U.S.C. § 271(b).  Defendant will have performed actions that induced infringing acts that Defendant knew or should have known would induce actual infringements. *See Manville Sales Corp. v. Paramount Sys., Inc*., 917 F.2d 544, 553 (Fed.Cir.1990), quoted in *DSU Med. Corp. v. JMS Co*., 471 F.3d 1293, 1306 (Fed.Cir.2006) (*en banc* in relevant part). "[A] finding of inducement requires a threshold finding of direct infringement—either a finding of specific instances of direct infringement or a finding that the accused products necessarily infringe." *Ricoh,* 550 F.3d at 1341 (citing *ACCO Brands, Inc. v. ABA Locks Manufacturer Co*., 501 F.3d 1307, 1313, (Fed. Cir. 2007).

38.     Plaintiff will rely on direct and/or circumstantial evidence to prove the intent element. *See Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1377 (Fed. Cir. 2005) ("A patentee may prove intent through circumstantial evidence."); *Water Techs. Corp. v. Calco, Ltd*., 850 F.2d 660, 668 (Fed. Cir. 1988) ("While proof of intent is necessary, direct evidence is not required; rather, circumstantial evidence may suffice.").

39.     Defendant has taken active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention for the accused product to be used in an infringing manner. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd*., 545 U.S. 913, 932, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005) (explaining that the contributory infringement doctrine "was devised to identify instances in which it may be presumed from distribution of

an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

40.     In addition, on information and belief, and based in part upon the clear infringement by the Accused Instrumentalities, Defendant has a practice of not performing a review of the patent rights of others first for clearance or to assess infringement thereof prior to launching products and services.  As such, Defendant has been willfully blind to the patent rights of Plaintiff.

41.     The foregoing infringement on the part of Defendant has caused past and ongoing injury to Plaintiff.  The specific dollar amount of damages adequate to compensate for the infringement shall be determined at trial but is in no event less than a reasonable royalty from the date of first infringement to the expiration of the '628 Patent.

42.     Each of Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

## COUNT II
## Infringement of U.S. Patent No. 8,898,003

43.     Plaintiff incorporates the above paragraphs by reference.

44.     Defendant has been on actual notice of the '003 Patent at least as early as the date it received service of the Original Complaint in this litigation.

45.     Plaintiff or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '003 patent, thus the damages period begins at least as early as six years prior to the date of service of the Original Complaint in this litigation.

46.     Defendant manufactures, sells, offers for sale, owns, directs, and/or controls the operation of the Accused Instrumentalities and generates substantial financial revenues and benefits therefrom.

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                                    11

47.     Defendant has directly infringed and continues to directly infringe the claims of the '003 Patent.  As exemplary and shown in Ex. 2, Claim 1 is infringed by making, using, importing, selling, and/or offering for sale the Accused Instrumentalities.  Defendant directly makes and sells the infringing Accused Instrumentalities at least because it is solely responsible for putting the infringing systems into service by directing or controlling the systems as a whole and by obtaining the benefits therefrom.

48.     Further on information and belief, Defendant directly uses the infringing Accused Instrumentalities at least because it assembled the combined infringing elements and makes them collectively available in the United States, including via its Internet domain web pages and/or software applications, as well as via its internal systems and interfaces.  Further, and on information and belief, Defendant has directly infringed by using the infringing Accused Instrumentalities as part of its ongoing and regular testing and/or internal legal compliance activities.  Such testing and/or legal compliance necessarily requires Defendant to make and use the Accused Instrumentalities in an infringing manner.  Still further, Defendant is a direct infringer by virtue of its branding and marketing activities, which collectively comprise the sale and offering for sale of the infringing Accused Instrumentalities.

49.     As shown above, Defendant is making, using, and offering for sale the Accused Instrumentalities.

50.     Additionally, upon information and belief, Defendant owns, directs, and/or controls the infringing method operation of the Accused Instrumentalities.

51.     On information and belief, the infringement of the '003 Patent by Defendant will now be willful through the filing and service of this Complaint. The '003 Patent does not expire before February 2, 2030.

52.    In addition or in the alternative, Defendant now has knowledge and continues these actions and it indirectly infringes by way of inducing direct infringement by others and/or contributing to the infringement by others of the '003 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, infringing services for use in systems that fall within the scope of the claims of the '003 Patent. This includes without limitation, one or more of the Accused Instrumentalities by making, using, importing offering for sale, and/or selling such services, Defendant injured Plaintiff and is thus liable to Plaintiff for infringement of the '003 Patent under 35 U.S.C. § 271.

53.    Now with knowledge of the '003 Patent, Defendant induces infringement under Title 35 U.S.C. § 271(b).  Defendant will have performed actions that induced infringing acts that Defendant knew or should have known would induce actual infringements. *See Manville Sales Corp. v. Paramount Sys., Inc*., 917 F.2d 544, 553 (Fed.Cir.1990), quoted in *DSU Med. Corp. v. JMS Co*., 471 F.3d 1293, 1306 (Fed.Cir.2006) (*en banc* in relevant part). "[A] finding of inducement requires a threshold finding of direct infringement—either a finding of specific instances of direct infringement or a finding that the accused products necessarily infringe." *Ricoh,* 550 F.3d at 1341 (citing *ACCO Brands, Inc. v. ABA Locks Manufacturer Co*., 501 F.3d 1307, 1313, (Fed. Cir. 2007).

54.    Plaintiff will rely on direct and/or circumstantial evidence to prove the intent element. *See Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1377 (Fed. Cir. 2005) ("A patentee may prove intent through circumstantial evidence."); *Water Techs. Corp. v. Calco, Ltd*., 850 F.2d 660, 668 (Fed. Cir. 1988) ("While proof of intent is necessary, direct evidence is not required; rather, circumstantial evidence may suffice.").

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                               13

55.     Defendant has taken active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention for the accused product to be used in an infringing manner. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 932, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005) (explaining that the contributory infringement doctrine "was devised to identify instances in which it may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

56.     In addition, on information and belief, and based in part upon the clear infringement by the Accused Instrumentalities, Defendant has a practice of not performing a review of the patent rights of others first for clearance or to assess infringement thereof prior to launching products and services.  As such, Defendant has been willfully blind to the patent rights of Plaintiff.

57.     The foregoing infringement on the part of Defendant has caused past and ongoing injury to Plaintiff.  The specific dollar amount of damages adequate to compensate for the infringement shall be determined at trial but is in no event less than a reasonable royalty from the date of first infringement to the expiration of the '003 Patent.

58.     Each of Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

## COUNT III
## Infringement of U.S. Patent No. 8,406,994

59.     Plaintiff incorporates the above paragraphs by reference.

60.     Defendant has been on actual notice of the '994 Patent at least as early as the date it received service of the Original Complaint in this litigation.

61.     Plaintiff or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '994

patent, thus the damages period begins at least as early as six years prior to the date of service of the Original Complaint in this litigation.

62.     Defendant manufactures, sells, offers for sale, owns, directs, and/or controls the operation of the Accused Instrumentalities and generates substantial financial revenues and benefits therefrom.

63.     Defendant has directly infringed and continues to directly infringe the claims of the '994 Patent.  As exemplary and shown in Ex. 3, Claim 1 is infringed by making, using, importing, selling, and/or offering for sale the Accused Instrumentalities.  Defendant directly makes and sells the infringing Accused Instrumentalities at least because it is solely responsible for putting the infringing systems into service by directing or controlling the systems as a whole and by obtaining the benefits therefrom.

64.     Further on information and belief, Defendant directly uses the infringing Accused Instrumentalities at least because it assembled the combined infringing elements and makes them collectively available in the United States, including via its Internet domain web pages and/or software applications, as well as via its internal systems and interfaces.  Further, and on information and belief, Defendant has directly infringed by using the infringing Accused Instrumentalities as part of its ongoing and regular testing and/or internal legal compliance activities.  Such testing and/or legal compliance necessarily requires Defendant to make and use the Accused Instrumentalities in an infringing manner.  Still further, Defendant is a direct infringer by virtue of its branding and marketing activities, which collectively comprise the sale and offering for sale of the infringing Accused Instrumentalities.

65.     As shown above, Defendant is making, using, and offering for sale the Accused Instrumentalities.

66.   Additionally, upon information and belief, Defendant owns, directs, and/or controls the infringing method operation of the Accused Instrumentalities.

67.   On information and belief, the infringement of the '994 Patent by Defendant will now be willful through the filing and service of this Complaint.  The '994 Patent does not expire before May 11, 2031.

68.   In addition or in the alternative, Defendant now has knowledge and continues these actions and it indirectly infringes by way of inducing direct infringement by others and/or contributing to the infringement by others of the '994 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, infringing services for use in systems that fall within the scope of the claims of the '994 Patent. This includes without limitation, one or more of the Accused Instrumentalities by making, using, importing offering for sale, and/or selling such services, Defendant injured Plaintiff and is thus liable to Plaintiff for infringement of the '003 Patent under 35 U.S.C. § 271.

69.   Now with knowledge of the '994 Patent, Defendant induces infringement under Title 35 U.S.C. § 271(b).  Defendant will have performed actions that induced infringing acts that Defendant knew or should have known would induce actual infringements. *See Manville Sales Corp. v. Paramount Sys., Inc*., 917 F.2d 544, 553 (Fed.Cir.1990), quoted in *DSU Med. Corp. v. JMS Co*., 471 F.3d 1293, 1306 (Fed.Cir.2006) (*en banc* in relevant part). "[A] finding of inducement requires a threshold finding of direct infringement—either a finding of specific instances of direct infringement or a finding that the accused products necessarily infringe." *Ricoh,* 550 F.3d at 1341 (citing *ACCO Brands, Inc. v. ABA Locks Manufacturer Co*., 501 F.3d 1307, 1313, (Fed. Cir. 2007).

70.     Plaintiff will rely on direct and/or circumstantial evidence to prove the intent element. *See Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1377 (Fed. Cir. 2005) ("A patentee may prove intent through circumstantial evidence."); *Water Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988) ("While proof of intent is necessary, direct evidence is not required; rather, circumstantial evidence may suffice.").

71.     Defendant has taken active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention for the accused product to be used in an infringing manner. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd*., 545 U.S. 913, 932, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005) (explaining that the contributory infringement doctrine "was devised to identify instances in which it may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

72.     In addition, on information and belief, and based in part upon the clear infringement by the Accused Instrumentalities, Defendant has a practice of not performing a review of the patent rights of others first for clearance or to assess infringement thereof prior to launching products and services.  As such, Defendant has been willfully blind to the patent rights of Plaintiff.

73.     The foregoing infringement on the part of Defendant has caused past and ongoing injury to Plaintiff.  The specific dollar amount of damages adequate to compensate for the infringement shall be determined at trial but is in no event less than a reasonable royalty from the date of first infringement to the expiration of the '994 Patent.

74.     Each of Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

**COUNT IV**
**Infringement of U.S. Patent No. 6,292,743**

75.     Plaintiff incorporates the above paragraphs by reference.

76.     Defendant has been on actual notice of the '743 Patent at least as early as the date it received service of the Original Complaint in this litigation.

77.     Plaintiff or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '743 patent, thus the damages period begins at least as early as six years prior to the date of service of the Original Complaint in this litigation, and up to is expiration on January 6, 2019.

78.     Defendant manufactures, sells, offers for sale, owns, directs, and/or controls the operation of the Accused Instrumentalities and generates substantial financial revenues and benefits therefrom.

79.     Defendant has directly infringed and continues to directly infringe the claims of the '743 Patent.  As exemplary and shown in Ex. 4, Claim 1 is infringed by making, using, importing, selling, and/or offering for sale the Accused Instrumentalities.  Defendant directly makes and sells the infringing Accused Instrumentalities at least because it is solely responsible for putting the infringing systems into service by directing or controlling the systems as a whole and by obtaining the benefits therefrom.

80.     Further on information and belief, Defendant directly uses the infringing Accused Instrumentalities at least because it assembled the combined infringing elements and makes them collectively available in the United States, including via its Internet domain web pages and/or software applications, as well as via its internal systems and interfaces.  Further, and on information and belief, Defendant has directly infringed by using the infringing Accused Instrumentalities as part of its ongoing and regular testing and/or internal legal compliance

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                                      18

activities.  Such testing and/or legal compliance necessarily requires Defendant to make and use the Accused Instrumentalities in an infringing manner.  Still further, Defendant is a direct infringer by virtue of its branding and marketing activities, which collectively comprise the sale and offering for sale of the infringing Accused Instrumentalities.

81.    As shown above, Defendant is making, using, and offering for sale the Accused Instrumentalities.

82.    Additionally, upon information and belief, Defendant owns, directs, and/or controls the infringing method operation of the Accused Instrumentalities.

83.    On information and belief, the infringement of the '743 Patent by Defendant has been willful since 2005 when its parent, Honda Motor Co. cited to it *eight* times in applications for its own patents. Upon information and belief, Defendant also conducts due diligence of its own systems and products to avoid infringing others' patent rights, and would have discovered the '743 Patent in its due diligence.

| | | | |
|---|---|---|---|
| US20050137798A1 * | 2003-12-23 | 2005-06-23 | Honda Motor Co., Ltd. |
| US20050137787A1 * | 2003-12-23 | 2005-06-23 | Honda Motor Co., Ltd |
| US20050137789A1 * | 2003-12-23 | 2005-06-23 | Honda Motor Co., Ltd. |
| US20050159889A1 * | 2004-01-20 | 2005-07-21 | Isaac Emad S. |
| US20050159881A1 * | 2003-12-23 | 2005-07-21 | Honda Motor Co., Ltd. |
| US20050159880A1 * | 2003-12-23 | 2005-07-21 | Honda Motor Co., Ltd. |
| US20050175172A1 * | 2004-02-05 | 2005-08-11 | Holger Janssen |
| US20050261829A1 * | 2004-05-19 | 2005-11-24 | Honda Motor Co., Ltd. |
| US20050261827A1 * | 2004-05-19 | 2005-11-24 | Honda Motor Co., Ltd. |
| US20050261824A1 * | 2004-05-19 | 2005-11-24 | Honda Motor Co., Ltd. |

**Screenshot of Google Patent search result for patent citations to the '743 Patent**

84.    In addition or in the alternative, on information and belief, Defendant has a policy or practice against investigating third party patent rights, and its willful blindness qualifies for requisite knowledge of the '743 Patent. *See Estech Sys. IP, LLC v. Carvana, LLC*, No. 2:21-CV-0482-JRG-RSP, 2022 WL 17727752, at *2 (E.D. Tex. Sept. 26, 2022) (noting such an allegation is sufficient "because it provides fair notice of the allegation and the grounds upon which it rests")

85.    In addition or in the alternative, Defendant now has knowledge and continues these actions and it indirectly infringes by way of inducing direct infringement by others and/or contributing to the infringement by others of the '743 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, infringing services for use in systems that fall within the scope of the claims of the '743 Patent. This includes without limitation, one or more of the Accused Instrumentalities by making, using, importing offering for sale, and/or selling such services, Defendant injured Plaintiff and is thus liable to Plaintiff for infringement of the '743 Patent under 35 U.S.C. § 271.

86.    Now with knowledge of the '743 Patent, Defendant induces infringement under Title 35 U.S.C. § 271(b).  Defendant will have performed actions that induced infringing acts that Defendant knew or should have known would induce actual infringements. *See Manville Sales Corp. v. Paramount Sys., Inc*., 917 F.2d 544, 553 (Fed.Cir.1990), quoted in *DSU Med. Corp. v. JMS Co*., 471 F.3d 1293, 1306 (Fed.Cir.2006) (*en banc* in relevant part). "[A] finding of inducement requires a threshold finding of direct infringement—either a finding of specific instances of direct infringement or a finding that the accused products necessarily infringe."

*Ricoh,* 550 F.3d at 1341 (citing *ACCO Brands, Inc. v. ABA Locks Manufacturer Co.*, 501 F.3d 1307, 1313, (Fed. Cir. 2007).

87.   Plaintiff will rely on direct and/or circumstantial evidence to prove the intent element. *See Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1377 (Fed. Cir. 2005) ("A patentee may prove intent through circumstantial evidence."); *Water Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988) ("While proof of intent is necessary, direct evidence is not required; rather, circumstantial evidence may suffice.").

88.   Defendant has taken active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention for the accused product to be used in an infringing manner. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 932, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005) (explaining that the contributory infringement doctrine "was devised to identify instances in which it may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

89.   In addition, on information and belief, and based in part upon the clear infringement by the Accused Instrumentalities, Defendant has a practice of not performing a review of the patent rights of others first for clearance or to assess infringement thereof prior to launching products and services.  As such, Defendant has been willfully blind to the patent rights of Plaintiff.

90.   The foregoing infringement on the part of Defendant has caused past and ongoing injury to Plaintiff.  The specific dollar amount of damages adequate to compensate for the infringement shall be determined at trial but is in no event less than a reasonable royalty from the date of first infringement to the expiration of the '743 Patent.

91.     Each of Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court enter judgment against Defendant as follows:

1.      Declaring that Defendant has infringed the Patents-in-Suit;

2.      Awarding Plaintiff its damages suffered because of Defendant's infringement of the Patents-in-Suit;

3.      Enter a judgment awarding treble damages pursuant to 35 U.S.C. §284 for Defendant's willful infringement of the Patents-in-Suit;

4.      Awarding Plaintiff its costs, reasonable attorneys' fees, expenses, and interest; and

5.      Granting Plaintiff such further relief as the Court finds appropriate.

## **JURY DEMAND**

Plaintiff demands trial by jury, under Fed. R. Civ. P. 38.

Respectfully Submitted,

*/s/* Christopher A. Honea
M. Scott Fuller
   Texas Bar No. 24036607
   sfuller@ghiplaw.com
Randall Garteiser
   Texas Bar No. 24038912
   rgarteiser@ghiplaw.com
Christopher A. Honea
   Texas Bar No. 24059967
   chonea@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999

**ATTORNEYS FOR PLAINTIFF**